IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE, INC., UNITED HEALTHCARE OF ILLINOIS, INC., and JOHN DOES 1-12, <br><br> Defendants. | Circuit Court: St. Clair County, Illinois <br><br> Cause No.: 14L255 |

## NOTICE OF REMOVAL

COME NOW Defendants UnitedHealthcare, Inc. and UnitedHealthcare of Illinois, Inc. (collectively, "Defendants") and for their Notice of Removal, state to this Court the following:

1. On April 3, 2014, Plaintiff Robert L. Meinders, D.C., Ltd. ("Plaintiff") filed his Complaint in the Circuit Court of St. Clair County, State of Illinois (the "Action"), claiming (1) violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"); (2) conversion; and (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants in the Action are attached to this Notice as Exhibit A.

2. On or about April 14, 2014, a copy of the Complaint was served on Defendants.

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (c), as Plaintiff brings claims arising under the laws of the United States.

4. This Court has federal question jurisdiction over the entire Action under 28 U.S.C. § 1441(a) and (c), which provide for removal of any civil action for which district courts

1

have original jurisdiction, and allow removal of an entire case even when removable claims are joined with non-removable claims.

5. District courts have original subject matter jurisdiction over all civil actions arising under the laws of the United States, 28 U.S.C. § 1331, including claims brought under the TCPA. *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740, 747 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits."). As the Supreme Court stated in *Mims*, "[b]ecause federal law creates the right of action and provides the rules of decision, [plaintiff]'s TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws of the United States.'" *Id.* at 749. *See e.g., Shupe v. JPMorgan Chase Bank of Arizona*, No. CV 11-00501-TUC-RCC (BPV), 2012 WL 1344820, at *2 (D. Ariz. Mar. 14, 2012), *adopted by* 2012 WL 1344786 (D. Ariz. Apr. 18, 2012).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a). To the extent Plaintiff also asserts a claim purporting to arise under the laws of the State of Illinois, these claims are so related to Plaintiff's federal claim for violations of the TCPA that they form part of the same case or controversy under Article III of the United States Constitution. *Id.* All of Plaintiff's claims arise out of the same fax that Defendants allegedly sent to Plaintiff.

7. The Southern District of Illinois is the district court of the United States for the district and division within which the Action is pending, as required by 28 U.S.C. § 1446(a).

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Complaint and Summons were served on April 14, 2014, and this Notice is filed within thirty days.

17243748v.1

9. As required by 28 U.S.C. § 1446(d), United will provide written notice of this Notice of Removal to Phillip A. Bock, James M. Smith, and Robert J. Sprague, counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois.

10. By filing this notice, United does not waive any defense, argument, or principle of equity that may be available.

WHEREFORE, the above described action now pending against Defendants in the Circuit Court of Illinois for the County of St. Clair is removed to the United States District Court for the Southern District of Illinois. Defendants hereby request that the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

Dated: May 13, 2014

Respectfully submitted,

UNITEDHEALTHCARE, INC. AND
UNITEDHEALTHCARE OF ILLINOIS,
INC.

By: s/ Jason P. Stiehl

Jason P. Stiehl
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: 312-460-5000
Facsimile: 312-460-7000
jstiehl@seyfarth.com

James P. Stiehl
Law Offices of James P. Stiehl
5 Executive Woods
Swansea, Illinois 62226
Telephone: 618-235-722
stiehllaw@gmail.com

3

Mitchell E. Zamoff
Hogan Lovells US LLP
80 South Eight Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3030
Facsimile: (612) 402-3001
mitch.zamoff@hoganlovells.com

Adam K. Levin
Kathryn L. Marshall
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-6846
Facsimile: (202) 637-5910
adam.levin@hoganlovells.com
kathryn.marshall@hoganlovells.com

## CERTIFICATE OF SERVICE

Jason P. Stiehl, an attorney, certifies that on May 13, 2014, he caused a true and correct copy of the foregoing **Notice of Removal** to be electronically filed with the Clerk of Court using the CM/ECF system, and that he served all counsel of record by electronic mail.

/s/ Jason P. Stiehl
Jason P. Stiehl

17243748v.1