# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/25/2014
CT Log Number 524839414

TO: Rebecca Thompson
UnitedHealth Group Incorporated (1115041907707000600)
9900 Bren Road East, MN008-T700
Minnetonka, MN 55343

**RE: Process Served in Delaware**

FOR: UnitedHealthcare, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Dr. Robert L. Meinders, D.C., LTD., etc., Pltf. vs. Unitedhealthcare, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Motion |
| **COURT/AGENCY:** | St. Clair County - 20th Judicial Circuit Court, IL<br>Case # 14L255 |
| **NATURE OF ACTION:** | Plaintiff Filed Complaint Against Defendant for Telephone Consumer Protection Act, Conversion and Illinois Consumer Fraud and Deceptive Business Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/25/2014 at 12:00 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Phillip A. Bock<br>Bock & Hatch, LLC<br>134 North La Salle Street<br>Suite 1000<br>Chicago, IL 60602<br>312-658-5500 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/25/2014, Expected Purge Date: 05/25/2014<br>Image SOP<br>Email Notification, Administrative Assistant legalmail@uhc.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Gretchen McDougal |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 14 L 255

Amount Claimed _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., | UNITEDHEALTHCARE, INC., <br><br> UNITEDHEALTHCARE OF ILLINOIS, INC., <br><br> and JOHN DOES 1-12, <br><br> VS |

Classification Prefix _____ Code _____ Nature of Action Civil _____ Code L

Pltf. Atty. Phillip A. Bock   Code 44533
Address 134 N. La Salle St., Ste. 1000
City Chicago, IL   Phone 312-658-5500
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME UNITEDHEALTHCARE, INC.
c/o Corporation Trust Company- Reg. Agent
ADDRESS Corporation Trust Center
1209 ORANGE ST
CITY & STATE Wilmington, DE 19801

[ ] A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[✓] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _____ 4-3 20 14
_____
Clerk of Court
BY DEPUTY: _____

SEAL

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ ........ $ _____ |
| Total ................... $ _____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DR. ROBERT L. MEINDERS, D.C., LTD., )
individually and as the representative of a )
class of similarly-situated persons, )
                                  Plaintiff, )
                                             ) No. 14-L-255
v. )
UNITEDHEALTHCARE, INC., )
UNITEDHEALTHCARE OF ILLINOIS, )
INC., and JOHN DOES 1-12, )
                                  Defendants. )

FILED
ST. CLAIR COUNTY
APR 0 3 2014
CIRCUIT CLERK

## CLASS ACTION COMPLAINT

Plaintiff, DR. ROBERT L. MEINDERS, D.C., LTD. ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, UNITEDHEALTHCARE, INC. ("UHC"), UNITEDHEALTHCARE OF ILLINOIS, INC. ("UHC Illinois"), and JOHN DOES 1-12, collectively ("Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements that do not include a conforming opt-out notice.

2. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax

advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). Moreover, the TCPA mandates that if a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously included on the first page of the advertisement. *See* 47 U.S.C. § (b) (2) (D). The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is a resident of, and conducts business in, St. Clair County, Illinois.

7. Defendant, UHC, has its headquarters in Minneapolis, MN and conducts business in St. Clair County, Illinois.

8. Defendant, UHC Illinois, has its headquarters in Chicago, IL and conducts business in St. Clair County, Illinois.

9. Plaintiff sued Defendants John Does 1-12 because it is not clear whether any entities or persons other than UHC and UHC Illinois had a high degree of involvement with the transmission of the subject fax advertisements, or benefitted from the transmissions.

10. Jurisdiction is conferred by 735 ILCS 5/2-209 in that UHC has transacted business and committed tortious acts related to the matters complained of herein.

11. Jurisdiction is conferred by 735 ILCS 5/2-209 in that UHC Illinois has transacted business and committed tortious acts related to the matters complained of herein.

12. Venue is proper in St, Clair County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in St. Clair County, Illinois.

## FACTS

13. At some time in 2013, Defendants sent, or caused to be sent, an unsolicited fax advertisement that advertised Defendants' goods, products, or services. A copy of the subject fax advertisement is attached as Exhibit A.

14. Plaintiff did not invite or give permission, to anyone, to send Exhibit A to him.

15. Exhibit A does not contain a proper opt-out notice pursuant to the TCPA.

16. On information and belief, Defendants sent the same facsimile to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This is based, in part, on the fact that the subject fax was not addressed to anyone in particular, that Plaintiff never gave permission to anyone to send the subject fax advertisement to him, and that sending advertisements by fax is an inexpensive way to reach many persons.

17. There is no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

18. This action has been brought, and may be properly maintained, under 735 ILCS 5/2-801. This action satisfies the class action prerequisites of numerosity, common questions of law or fact predominate over individual questions, the representative parties will fairly and adequately protect the interests of the Class, and the class action is an appropriate method for the fair and efficient adjudication of the controversy.

19. Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class, initially defined as follows:

4

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of UnitedHealthcare or UnitedHealthcare of Illinois, and (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes.

20. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

21. Numerosity/Impracticality of Joinder: On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

22. Questions of Law or Fact Common to the Class: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

   a. Whether Defendants sent unsolicited fax advertisements;

b. Whether Exhibit A advertised the commercial availability of property, goods or services;

c. The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited fax advertisements;

d. Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation

e. Whether Defendants' fax omitted an opt-out notice;

f. Whether Defendants violated the TCPA by omitting an opt-out notice;

g. Whether Plaintiff and the other Class members are entitled to statutory damages;

h. Whether Defendants should be enjoined from faxing advertisements in the future;

i. Whether the Court should award trebled damages;

j. Whether Defendants' conduct as alleged herein constituted conversion;

k. Whether Defendants' conduct was unfair under ICFA; and

l. Whether Defendants' conduct as alleged herein constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

23. <u>Fair and Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff does not have any interests adverse to the Class. Plaintiff has retained counsel who are experienced in class action litigation to represent him in this action.

24. <u>Appropriateness</u>: A class action is an appropriate method for the fair and efficient resolution of this controversy.

25. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

26. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

27. Plaintiff brings Count I on behalf of himself and a class of similarly situated persons.

28. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227 (b) (1).

29. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

30. The TCPA provides:

7

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) Both such actions.

31. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

32. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as <u>Exhibit A</u>) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission and by not displaying a proper opt-out notice as required by the TCPA.

33. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

34. Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendants, that <u>Exhibit A</u> is an advertisement, and that <u>Exhibit A</u> and the other advertisements Defendants sent did not display the proper opt-out notice as required by the TCPA.

35. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

36. Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

9

C.  That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

37. Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

38. Plaintiff brings Count II on behalf of himself and a class of similarly situated persons.

39. By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to their own use.

40. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

41. By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

42. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

10

43.  Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

44.  Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.  That the Court award appropriate damages;

C.  That the Court award costs of suit; and

D.  Awarding such further relief as the Court may deem just and proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

45.  Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

11

46. Plaintiff brings Count III on behalf of himself and a class of similarly situated persons.

47. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

48. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

49. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

50. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

12

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorneys' fees and costs; and

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD.,
individually and as the representative of a
class of similarly-situated persons,

By: _____
One of his attorneys

Robert J. Sprague
SPRAGUE and URBAN
26 E. Washington Street
Belleville, IL 62220
Telephone: 618/233-8383

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

13

 UnitedHealthcare

## Get paid faster - and easier - with online Member Payments!

UnitedHealthcare is excited to introduce Member Payments, a new capability that allows our commercial members (your patients) to pay you online.

When you register for online Member Payments, with InstaMed®, you'll receive:

- Payments deposited automatically into your preferred bank account
- Faster payments to reduce receivable balances
- Less time and cost spent collecting payments
- Real-time payment reports available 24/7
- One flat rate for credit card payments

### Log On to Learn More

Log on to UnitedHealthcareOnline.com > Tools and Resources > Health Information Technology to:

- Watch a video to learn more about online member payments
- Access Frequently Asked Questions
- Access link to register



### Or Register Now!

- Log on to uhcmemberpayments.com

### Get Paid Faster - Spend Less Time Collecting - Reduce Accounts Receivable

© 2013 United HealthCare Services, Inc.

Insurance coverage provided by UnitedHealthcare Insurance Company or its affiliates. Health plan coverage provided by UnitedHealthcare of Arizona, Inc., UnitedHealthcare of California, UnitedHealthcare of Colorado, Inc., UnitedHealthcare of Oregon, Inc., UnitedHealthcare of Utah, Inc. and UnitedHealthcare of Washington, Inc. or other affiliates. Administrative services provided by United HealthCare Services, Inc. or its affiliates.

Exhibit "A"

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DR. ROBERT L. MEINDERS, D.C., LTD., )
individually and as the representative of a )
class of similarly-situated persons, )
)
               Plaintiff, )
) No. 14-L-255
v. )
)
UNITEDHEALTHCARE, INC., )
UNITEDHEALTHCARE OF ILLINOIS, )
INC., and JOHN DOES 1-12, )
)
               Defendants. )

FILED
ST. CLAIR COUNTY
APR 0 3 2014
CIRCUIT CLERK

## PLAINTIFFS MOTION FOR CLASS CERTIFICATION

Plaintiff, DR. ROBERT L. MEINDERS, D.C., LTD. ("Plaintiff"), by his attorneys, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, to certify the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of UnitedHealthcare or UnitedHealthcare of Illinois, and (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes.

Although Plaintiff files this motion for class certification now, it is not prepared to file a memorandum in support of this motion as it still must pursue class certification discovery. As a result, Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery as to class certification is complete.

WHEREFORE, Plaintiff prays that this Court enter an order pursuant to 735 ILCS 5/2-801 certifying the class.

April 3, 2014

Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,

By: _____
One of his attorneys

Robert J. Sprague
SPRAGUE and URBAN
26 E. Washington Street
Belleville, IL 62220
Telephone: 618/233-8383

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

2