IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DR. ROBERT L. MEINDERS, D.C.,
LTD.,

        Plaintiff,

                                              No.   3:14-cv-00548-DRH-DGW

vs.

UNITEDHEALTHCARE, INC., UNITED
HEALTHCARE OF ILLINOIS, INC.,
AND JOHN DOES E-12,

        Defendants.

## MEMORANDUM AND ORDER

HERNDON, District Judge:

### I. Introduction and Background

Pending before the Court is defendant United Healthcare, Inc. and United Healthcare of Illinois, Inc.'s ("United") motion to dismiss Counts I, II, and III for improper venue due to a mandatory arbitration clause (Doc. 11). Plaintiff Dr. Robert L. Meinders, D.C., LTD., ("Meinders") responded (Doc. 17) and Untied filed a reply (Doc. 22). For the following reasons, the Court **GRANTS** the motion.

On April 3, 2014, plaintiff filed a putative class action against United in the Circuit Court for St. Clair County, Illinois. Thereafter, defendants removed the case to this Court on original federal question jurisdiction grounds pursuant to 28 U.S.C. § 1331. (Doc. 2.). According to the complaint, defendant United sent a "junk fax" to plaintiff Dr. Robert L. Meinders, D.C. in violation of the Telephone

Consumer Protection Act. (Doc. 2-1). Plaintiff alleges United HealthCare sent an unsolicited fax to him advertising United Healthcare's services. *Id.* Plaintiff's three count complaint alleges a violation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I), common law conversion (Count II), and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 ("ICFDBPA") (Count III).

Plaintiff is a chiropractor. On January 20, 2006, plaintiff signed a Provider Agreement with ACN Group in which he agreed, *inter alia,* to arbitrate in Minnesota any and all claims arising out of or relating to the Provider Agreement (Doc. 12-1). The Provider Agreement provides in part:

> In the event of a dispute arising out of or relating to this Agreement … [i]f Provider and ACN Group are unable to resolve [such] dispute by mutual agreement, then matters in controversy may be submitted, upon the motion of either party, to arbitration under the Commercial Rules of the American Arbitration Association (AAA). All such arbitration proceedings shall be administered by the AAA in Minnesota … Any arbitration proceeding shall occur in the County of Hennepin, State of Minnesota.

The fax sent, at some time in 2013, to Meinders provided information about new technology designed to assist United providers in recouping payment from patients.

United seeks dismissal of plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) for improper venue. United contends that plaintiff entered a "Provider Agreement" (Doc 12-1, Exhibit A) with ACN Group, a wholly owned subsidiary of United, in which plaintiff agreed to mandatory arbitration of his

claims in Hennepin County, Minnesota. (Doc. 11, P. 1). Although United is not a signatory to the Provider Agreement, defendant claims that plaintiff is bound to arbitrate his claim in Minnesota because "ACN Group, Inc. is a United-owned entity that coordinates the provision of healthcare services by, among other specialists, chiropractors." (Doc. 12, p. 2). Therefore, since ACN Group is a wholly owned subsidiary of United, defendant should be allowed to arbitrate this cause of action in Minnesota. Additionally, defendant argues that plaintiff must arbitrate his claims in Minnesota because United has "assumed" some of the obligations of the signatory (ACN Group) to the arbitration agreement and, therefore, can enforce it against plaintiff. Defendant asks this Court to dismiss plaintiff's entire complaint pursuant to FRCP 12(b)(3) for improper venue.

Plaintiff responds that United was never a party or signatory to the Provider Agreement, and plaintiff "never agreed to arbitrate his junk fax claims against United HealthCare." (Doc. 17, p. 2). Plaintiff maintains that United's name never appears in the Provider Agreement, that ACN Group is the only named party to the agreement, and that Paul Balthazor, COO of ACN Group, Inc., signed on behalf of ACN Group. *Id.* Further, plaintiff contends that United is not a party to the Provider Agreement, and that he "is not seeking to enforce the Provider Agreement and his claim does not arise in an action where he is seeking to enforce it." (Doc. 17, p. 4). Therefore, plaintiff asks this Court to deny defendant's 12(b)(3) motion on the grounds that United has no legal right to enforce the provisions of the Provider

Agreement or mandate arbitration in regards to his three causes of action.

## II. Analysis

Because the arbitration clause in this case calls for arbitration outside the Southern District of Illinois, Rule 12(b)(3) is the appropriate vehicle seeking dismissal of Meinders' suit. *Faulkenberg v. CB Tax Franchise Systems, LP,* 637 F.3d 801, 808 (7th Cir. 2011) ("[W]e have held that a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district."). When ruling on a motion to dismiss of improper venue under Rule 12(b)(3), the Court may look to evidence outside the pleadings. *Id.* at 809-10.

The FAA embodies a federal policy favoring enforcement of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The relevant language of the FAA provides that an arbitration clause in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts are to uphold and enforce applicable arbitration agreements according to their terms unless they are invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT & T Mobility LLC v. Concepcion,* ––– U.S. ––––, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011) (quoting 9 U.S.C. § 2) (internal quotation marks omitted). A court must

determine whether the parties are bound by a given arbitration agreement and whether the agreement to arbitrate applies to a particular type of controversy. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). In determining whether parties have agreed to arbitrate, courts apply state contract law. *James v. McDonald's Corp.,* 417 F.3d 672, 677 (7th Cir. 2005). If a valid agreement to arbitrate exists, the burden is on the party opposing arbitration to show that the claims at issue are not covered the agreement. *See Shearson/Am. Exp., Inc. v. McMahon,* 482 U.S. 220, 226–27 (1987). Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration, *Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. 927; *Gore v. Alltel Commc'ns, LLC,* 666 F.3d 1027, 1032 (7th Cir. 2012), and a request for arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Here, the existence and validity of the arbitration clause are not in dispute, nor is the application of the arbitration clause to this type of claim. Thus, the only determination this Court must make is whether United can enforce the arbitration clause contained in the Provider Agreement.

"[T]he obligation to arbitrate a dispute is not always limited to those who have personally signed an agreement containing such a provision. *See*

*e.g., Thomson–CSF v. American Arbitration Association,* 64 F.3d 773, 776 (2d Cir.1995) ('This Court has made clear that a nonsignatory party may be bound to an arbitration agreement if so dictated by the "ordinary principles of contract and agency."' (citing *McAllister Bros., Inc. v. A & S Transp. Co.,* 621 F.2d 519, 524 (2d Cir.1980)))." *Everett v. Paul Davis Restoration, Inc.*, --- F.3d ---, 2014 WL 5573300 at *2 (7th Cir. November 3, 2014). "There are five doctrines through which a non-signatory can be bound by arbitration agreements entered into by others: (1) assumption; (2) agency; (3) estoppel; (4) veil piercing; and (5) incorporation by reference." *Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing *Fyrnetics (H.K.) Ltd. v. Quantum Group, Inc.,* 293 F.3d 1023, 1029 (7th Cir. 2002); *accord Am. Bureau of Shipping v. Tencara Shipyard S.P.A.,* 170 F.3d 349, 352 (2d Cir. 1999)).

Based on the pleadings it is clear that United has assumed the material obligations of ACN Group, a wholly owned subsidiary of United, under the Provider Agreement, which authorizes United to enforce the arbitration clause.[1] Under Section 2 of the Provider Agreement, ACN Group is obligated to coordinate payment to Meinders. Colleen Van Ham, President and CEO of United attested that United assumed important obligations under the Provider Agreeement such as Optum's obligation to coordinate and transmit payments to providers such as Meinders.

---

[1] In 2003, ACN became a wholly owned subsidiary of United Healthcare Services, Inc. In August 2010, ACN changed its name to OptumHealth Care Solutions, Inc. ("Optum"). The Provider Agreement with ACN was amended, effective September 21, 2010, to reflect the change from ACN to Optum. Optum is a wholly own subsidiary of United Healthcare Services, Inc.

Further, United has paid Meinders. Thus, United is entitled to enforce the arbitration clause of the Provider Agreement. The Court grants the motion to dismiss for improper venue.

### III. Conclusion

Accordingly, the Court **GRANTS** defendant United Healthcare, Inc. and United Healthcare of Illinois, Inc.'s motion to dismiss (Doc. 11). Pursuant to Rule 12(b)(3), the Court **DISMISSES** this case for improper venue and closes the file.

**IT IS SO ORDERED.**

Signed this 19th day of November, 2014

Digitally signed by
David R. Herndon
Date: 2014.11.19
12:23:15 -06'00'

**United States District Court**