# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE, INC., UNITED HEALTHCARE OF ILLINOIS, INC., and JOHN DOES 1-12, <br><br> Defendants. | Case No. 3:14-cv-00548-DRH-DGW |

## DEFENDANTS' MOTION TO STAY THE CASE PENDING THE UNITED STATES SUPREME COURT'S DECISION IN *SPOKEO V. ROBINS*

Defendants UnitedHealthcare, Inc. and UnitedHealthcare of Illinois, Inc. (collectively, "United"), by their attorneys, respectfully move the Court to stay this case pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, a case argued on November 2, 2015. In support of this motion, United states as follows:

## INTRODUCTION

In *Spokeo*, the Supreme Court is expected to decide the threshold jurisdictional question directly at issue in this case; *i.e.*, whether a plaintiff, such as Dr. Meinders – who alleges only statutory damages and no viable concrete harm – has Article III standing. Depending on how the Supreme Court rules, this case may be subject to dismissal for lack of subject matter jurisdiction. Litigation stays pending a potentially dispositive Supreme Court ruling "are entered quite routinely," *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006), and courts across the country have been granting litigation stays in similar cases until *Spokeo* is decided. *See, e.g.*, *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-01577, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015) (granting stay of TCPA case based on *Spokeo*); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) (same); *Williams v. Elephant Ins. Co.*, No. 1:15-CV-00119-GBL, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (same). As explained more fully below, this Court should do the same.

## BACKGROUND

Plaintiff alleges that United violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by allegedly sending unsolicited faxes without proper opt-out language. *See* Dkt. 2 (Compl.) ¶ 1. The only damages that Plaintiff alleges for those claims, however, are "statutory damages for every violation of the TCPA" under 47 U.S.C. § 227(b)(1) or "$500.00-

2

$1,500.00 in damages for each violation." *Id.* ¶¶ 5, 36. As a result, United disputes whether Plaintiff satisfies the requirements of Article III standing necessary to pursue his claims.

On November 2, 2015, the United States Supreme Court heard argument in *Spokeo* on this precise issue – namely, whether the alleged violation of a federal statute, without any concrete harm, confers Article III standing. *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-1339.htm. The Supreme Court granted Spokeo's petition for writ of certiorari to address the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Question Presented, *Spokeo, Inc. v. Robins*, No. 13–1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf. The same question is presented here. Plaintiff does not sufficiently allege actual injury from United's conduct. Rather, he relies upon the statutorily created remedy under the TCPA as the basis for his standing. The Supreme Court's decision in *Spokeo* will determine whether Congress can create Article III standing through statutes, like the TCPA, where no concrete harm exists.

Plaintiff will likely point to language in his Complaint stating that faxes use paper and toner, interrupt privacy, prevent machines from receiving and sending faxes, and require time to discern the source and purpose of the fax as evidence of concrete harm. Dkt. 2 (Compl.) ¶¶ 3, 35. But general allegations "supported by mere conclusory statements" are obviously not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those paragraphs are boilerplate language included in multiple TCPA complaints that Plaintiff's counsel files. *See, e.g.*, Exhibit A, *Holmes v. Back Doctors, Ltd.*, No. 09CV00540, 2009 WL 3120856, ¶¶ 3, 27 (S.D. Ill. July 20, 2009). Nowhere does Plaintiff identify any concrete harm that he (or anyone else) actually allegedly

3

suffered. In fact, Plaintiff's Prayer for Relief seeks only statutory damages under the TCPA; nothing else. *See* Dkt. 2 (Compl.) ¶ 36(b). Moreover, courts in the Seventh Circuit repeatedly reject such *de minimis* damage claims. *See, e.g., Mussat v. Power Liens, LLC*, No. 13-cv-7853, 2014 WL 3610991, * 3 (N.D. Ill. July 21, 2014) (in TCPA action, dismissing Illinois Consumer Fraud Act claim based on loss of toner and time "under the axiom *de minimis non curat lex*, or 'the law does not concern itself with trifles'" and finding "the loss is *de minimis*").

In *Spokeo*, the Supreme Court is expected to resolve the question of whether a showing of concrete harm is necessary in the next six to nine months. A decision is expected in the spring of 2016.

## ARGUMENT

United's motion to stay should be granted because the Supreme Court will soon decide whether a plaintiff, like Dr. Meinders, has Article III standing to assert a claim under the TCPA without concrete harm. While a stay in litigation is often prudent where the Supreme Court is addressing an issue central to a pending suit, it is more so where the decision of the Supreme Court may remove the Court's jurisdiction to hear this case. Although the Seventh Circuit has narrowed the issues currently relevant to this case, discovery and motions practice based on the court's remand order will still take material time and resources. *See* Dkt. 43 (Mandate) at 10.

The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and thus is "committed to a court's discretion." *Walker*, 472 F. Supp. 2d at 1054 (granting stay based on pending Supreme Court case) (citations omitted). Likewise, "[i]t is within the court's discretion to stay a case pending the resolution of a matter between different litigants in another tribunal that may be dispositive of the issues before the court." *Union*

4

*Benefica Mexicana v. Indiana*, No. 2:11 cv 482, 2012 WL 2049917, at *2 (N.D. Ind. June 6, 2012) (citation omitted).

"In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Bradley v. L'Oreal USA, Inc.*, No. 10-CV-433-DRH, 2010 WL 3463203, at *1 (S.D. Ill. Aug. 30, 2010) (internal citation omitted). "'Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Union Benefica Mexicana*, 2012 WL 2049917, at *2 (applying these factors to stay proceedings pending resolution of a dispositive Supreme Court case) (quoting *Abbott Laboratories v. Matrix Laboratories, Inc.,* No. 09-cv-1586, 2009 WL 3719214, at *2 (N.D. Ill. 2009)). *See also Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08–CV–135, 2010 WL 567993, at *1-2 (N.D. Ind. Feb. 12, 2010) (granting stay pending Supreme Court decision based on these three factors). Here, all three factors favor staying the proceedings until the Supreme Court issues its decision in *Spokeo*.

*First*, granting a stay will not prejudice Plaintiff and will avoid significant prejudice to United. The stay that United requests would be of limited and definite duration, with an anticipated decision from the Supreme Court in *Spokeo* by spring of 2016. There is no real harm to Plaintiff in staying the case for a few months while the Supreme Court determines if allegations like his satisfy the standing requirements of Article III. Plaintiff does not claim that United continues to send him faxes; in fact, he alleges only one fax. Dkt. 2 (Compl.) ¶ 13. Thus, a stay will not cause *any* material prejudice to Plaintiff. *See Union Benefica Mexicana*, 2012 WL

2049917, at *3 ("The fact that at some unknown time in the future [plaintiff] may be harmed does not demonstrate that the plaintiff will face a continuing harm if this matter is not expedited"); *Walker*, 472 F. Supp. 2d at 1055 (granting stay pending Supreme Court decision because Plaintiffs "have not shown, and the Court cannot fathom, how the requested stay could cause them any prejudice"). Further, as the Court is aware, this case was dismissed almost a year ago for lack of venue due to an arbitration clause. Dkt. 35 (Order). The Seventh Circuit recently issued a decision and remanded the case in the beginning of September to allow for discovery relating to whether United assumed ACN Group's obligations as it relates to the Provider Agreement with Dr. Meinders. Dkt. 43 (Mandate) at 10. If the Supreme Court ultimately decides *Spokeo* in Plaintiff's favor, this litigation can promptly resume.

By contrast, allowing this case to proceed with the overhang of *Spokeo* would result in prejudice to United. If the Supreme Court holds that a plaintiff like Dr. Meinders has no standing to pursue his claims, then every event that occurs in this case between now and then would be completely wasteful and unnecessary. In other words, in lieu of a stay, the Court and the parties would spend substantial time, effort, and resources on a case that could go away completely in a matter of months, thereby causing prejudice to United that easily outweighs any putative prejudice to Plaintiff arising out of a modest delay in these proceedings.

*Second*, the Supreme Court's decision in *Spokeo* has the potential to significantly "simplify the issues in question[.]" *Union Benefica Mexicana*, 2012 WL 2049917, at *2. If the Supreme Court finds that actual harm is required to satisfy Article III standing, then Plaintiff's case may be dismissed, because he does not allege actual harm in his Complaint; he only seeks

statutory damages under the TCPA.[1] Any "injuries" that Plaintiff has alleged are *de minimis* and therefore would not support standing if the Supreme Court finds that violation of a federal statute is not sufficient. *See Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) (finding damages based on "the loss of paper and toner consumed during the generation of a one-page unsolicited fax" for a conversion claim are "trivial" and "miniscule to the point of nonexistent") (internal citations omitted). As a result, a stay should be granted to avoid the investment of time and resources required to litigate a case that may well end up outside this Court's jurisdiction. *See id*. at *3 ("Rather than subject the parties to ongoing litigation that may prove unnecessary upon the Supreme Court's ruling, the court finds that it is in the best interest to stay this matter pending the decision[.]").[2]

*Third*, for all of the same reasons stated above, granting a stay could meaningfully reduce the burden of litigation on the parties and the Court. Any work by the parties and the Court over the next several months will be moot if the Supreme Court rules in *Spokeo* that allegations of harm, such as Dr. Meinders', that are based solely on statutory damages do not satisfy Article III standing.

Recognizing these very efficiencies, other federal courts have granted stays pending the Supreme Court's decision in *Spokeo* in cases similar to this one. For example, in *Boise v. ACE*

---

[1] The fact that Plaintiff has also brought state-law claims for conversion and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act does not change this outcome. Dkt. 2 (Compl.) at ¶¶ 37-50. If the Supreme Court's holding in *Spokeo* results in dismissal of Plaintiff's TCPA claim, then the Court may be divested of jurisdiction over Plaintiff's state law claims. At a minimum, the outcome of the Supreme Court's decision in *Spokeo* could significantly change the scope of any relevant discovery.

[2] In addition, on November 10, the Supreme Court is set to hear argument in *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, regarding whether a class action may be certified where the class contains members who were not injured and have no legal right to any damages. Even if the Plaintiff here were to have standing based on the ruling in *Spokeo*, *Tyson Foods* could dramatically affect class certification issues. This also counsels in favor of a stay.

*USA, Inc.*, the court granted a motion to stay a TCPA case pending the outcome of *Spokeo*, because it found that *Spokeo* "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all." 2015 WL 4077433, at *5. The court held that a stay was warranted because "Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than twelve months. Conversely, without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant[.]" *Id*. at *6.

Similarly, in *Duchene v. Westlake Services, LLC*, the court granted a motion to stay a TCPA case, stating that *Spokeo* "can fundamentally affect the Court's jurisdiction to hear [the] case" because it "may well conclude that the Plaintiff lacks standing." 2015 WL 5947669, at *3. Despite much of the discovery in the case already being completed, the court recognized that "any period of litigation . . . is expensive for the parties involved." *Id.* As it relates to any potential hardship on the plaintiff, the court noted that "[a] relatively short delay of definite duration would not likely affect the availability of evidence or the memory of witnesses." *Id.* Ultimately, "interests of judicial economy favor a stay" because "[t]here is a real possibility" that *Spokeo* could result in the court losing jurisdiction. *Id.* at *4. *See also Williams*, 2015 WL 3631691, at *1 (granting stay of TCPA case based on *Spokeo*).[3]

Additionally, several federal courts have granted stays in non-TCPA matters based on the outcome of *Spokeo*. For example, in *Stone v. Sterling Infosystems, Inc.*, the court found that staying a putative class action under the Fair Credit Reporting Act ("FCRA") "until the Supreme Court issues an opinion in *Spokeo* would be efficient for the Court's own docket and the fairest

---

[3] While *Boise*, *Williams*, and *Duchene* also granted the stay based on another pending Supreme Court case, that distinction makes no difference to the outcome here.

8

course for the parties." No. 2:15-CV-00711, 2015 WL 4602968, at *3 (E.D. Cal. July 29, 2015). *Stone* found "no reason why Plaintiff should be allowed to conduct discovery on this large class, thereby forcing Defendant to incur unnecessary expenses, until it can be established that this case will be proceeding." *Id*. at *2. Further, the court held, "Plaintiff will not be materially harmed by a stay pending resolution" as the Supreme Court will decide *Spokeo* "within the next twelve months." *Id*. *See also Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856, at *1 (M.D. Pa. Aug. 20, 2015) (granting an unopposed motion to stay claims under the FCRA and the Fair and Accurate Credit Transaction Act); *Hillson v. Kelly, Servs., Inc.*, No. 2:15-cv-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) (granting stay of FCRA case based on *Spokeo*).

All of these same grounds for stay exist here too. The balance of interests for the parties and the Court plainly weighs in favor of granting a stay pending the Supreme Court's decision in *Spokeo*.

WHEREFORE, Defendants UnitedHealthcare, Inc. and UnitedHealthcare of Illinois, Inc., respectfully ask this Court to enter an order staying this matter until the United States Supreme Court issues its decision in *Spokeo v. Robins* and award any further relief that is just and proper.

November 3, 2015　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　UNITEDHEALTHCARE, INC. AND
　　　　　　　　　　　　　　　　　　　　　UNITEDHEALTCHARE OF ILLINOIS, INC.

　　　　　　　　　　　　　　　　　　　　　By:   *s/ Mitchell E. Zamoff*


Jason P. Stiehl
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400

Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
jstiehl@seyfarth.com

Mitchell E. Zamoff
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55403
Telephone: (612) 402-3000
Facsimile: (612) 402-3001
mitch.zamoff@hoganlovells.com

Adam K. Levin
Carolyn A. DeLone (*application for general admission pending*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
adam.levin@hoganlovells.com
carrie.delone@hoganlovells.com

## CERTIFICATE OF SERVICE

On November 3, 2015, Defendants UnitedHealthcare, Inc. and UnitedHealthcare of Illinois, Inc. filed the foregoing electronically using the Court's Electronic Case Filing System. Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system. Parties may access this filing through the Court's Electronic Case Filing System.

*s/ Mitchell E. Zamoff*
Mitchell E. Zamoff