UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,<br><br>                 Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE, INC., UNITEDHEALTHCARE OF ILLINOIS, INC., and JOHN DOES 1-12,<br><br>                 Defendants. | No. 3:14-cv-00548-DRH-DGW |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY**

Plaintiff, Dr. Robert L. Meinders, D.C., Ltd., responds in opposition to Defendants' United HealthCare, Inc. and United HealthCare of Illinois, Inc. (collectively "Defendants") *Motion to Stay the Case Pending the United States Supreme Court's Decision in Spokeo v. Robins* ("Motion"), and in support of Plaintiff's opposition, states as follows:

**INTRODUCTION**

Defendants seeks to stay this case pending the result of the Supreme Court's review of *Spokeo, Inc. v. Robins*, No. 13-1339, claiming that the ultimate ruling in *Spokeo* could result in a dismissal for lack of subject matter jurisdiction in the case at bar. Defendants are incorrect as the issue presented in *Spokeo* is readily distinguishable from any issues in this case. The *Spokeo* court is determining whether a plaintiff can proceed in a statutory right of action when the plaintiff has alleged no concrete or actual injury; only a pure violation of statutory rights. In contrast, Plaintiff alleges that Defendants' fax advertisement caused actual and concrete harm to Plaintiff by wasting Plaintiff's paper, toner, and time.

Moreover, Defendants here have failed to make out a clear case of hardship or inequity that overcomes the need to resolve this litigation expeditiously. Furthermore, staying this action may unfairly prejudice the putative class members. Therefore, the Court should deny Defendants' Motion.

## STANDARD OF REVIEW

"The decision to grant a stay is committed to a court's discretion … though that discretion must be exercised consistently with principles of fairness and judicial economy." *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (citations omitted) "[W]hen considering a request for a stay, courts should be mindful of the Supreme Court's admonition, stated repeatedly by the Court of Appeals for the Seventh Circuit, that federal courts have a virtually unflagging obligation absent exceptional circumstances to exercise jurisdiction when a case is properly before it." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Justification requires the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward". *Landis v. North American Company*, 299 U.S. 248, 255 (1936). The Seventh Circuit has made clear that the "burden is on the party seeking a stay to establish that it will suffer irreparable injury." *Sussman v. Jenkins*, 642 F.3d 532, 537 (7th Cir. 2011).

## ARGUMENT

A. *Spokeo* **does not require a stay of proceedings.**

The issue presented in *Spokeo* is distinguishable from the instant action and thus *Spokeo* presents no pressing reason to stay proceedings in this case.

1.      **The circumstances at issue in *Spokeo*.**

The plaintiff in *Spokeo* alleged that Spokeo, Inc. ("Spokeo") published inaccurate information about him on its website. The Spokeo website indicated that the plaintiff was employed in a professional or technical field, wealthy, married with children, and had a graduate degree. The plaintiff disputed all these facts, asserting he was not married, not wealthy, did not have a graduate degree, and was not employed. The plaintiff claimed that Spokeo willfully violated the Fair Credit Reporting Act ("FCRA"), as Spokeo failure to follow "reasonable procedures to assure maximum possible accuracy of its reports," as required by the FCRA.

On reconsideration, the district court dismissed the plaintiff's complaint, determining that the plaintiff failed to allege an "injury in fact" because he had not alleged "any actual or imminent harm." The court described the plaintiff's claims as alleging, "he had been unsuccessful in seeking employment, and that he feared the inaccuracies in his report would affect his ability to obtain credit, employment, insurance and the like." The court noted that allegations of possible future injury did not satisfy the requirements for Article III standing.

The Ninth Circuit reversed, holding the plaintiff adequately alleged an injury-in-fact, because "the violation of a statutory right is usually a sufficient injury in fact to confer standing." *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014). The Court rejected Spokeo's argument that the plaintiff could not sue without showing actual harm, instead asserting that "the statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations." *Id.* (citing the FCRA, 15 U.S.C. § 1681n(a)).

Spokeo petitioned for certiorari. In its petition, Spokeo argued that the Ninth Circuit's holding had "the practical effect of collapsing the three-part standing inquiry [enumerated in *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)] into the

single question whether the plaintiff has been subjected to a statutory violation." *Spokeo, Inc. v. Robins, Petition for Writ of Certiorari*, No. 13-1339, *7 (U.S. May 1, 2014). Spokeo further argued that "[t]he Ninth Circuit's holding would afford plaintiffs Article III standing whenever they bring private actions under any of these statutes—regardless of whether they plead actual harm—so long as they allege a bare statutory violation with some connection to them." *Id.* at *19.

The Supreme Court accepted Spokeo's petition for certiorari. *Spokeo, Inc. v. Robins,* 135 S.Ct. 1892 (April 27, 2015). As framed, the issue is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo Petition*.

## 2. The circumstances at issue in the case at bar are distinguishable.

The case at bar is distinguishable from the discrete issue presented in *Spokeo*. First, Plaintiff, suing under the Telephone Consumer Protection Act ("TCPA"), alleged actual and specific damages. Second, Plaintiff's requested relief was not limited to statutory damages. These distinctions are meaningful: the Supreme Court's resolution of the issue presented in *Spokeo* is not dispositive to this case.

Junk fax recipients suffer a "concrete injury" in the form of lost paper and toner and the occupation of their fax lines. In *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S. P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015), the Eleventh Circuit held a TCPA plaintiff had "Article III standing sufficient to satisfy the injury requirement" because it suffered a concrete and personalized injury in the form of the occupation of its fax machine for the period of time required for the electronic transmission of data (which, in this case was one minute)."

4

Indeed, other courts have recognized that one of the purposes of the TCPA is to compensate persons who receive unsolicited fax advertisements for the invasion of their privacy, the waste of their time, the use of their fax line without consent, the occupation of the fax line, the cost of paper and toner, and wear and tear on a fax machine. *E.g.*, *Ira Holtzman, C.P.A. v. Turza,* 728 F.3d 682, 684 (7th Cir. 2013) ("Even a recipient who gets the fax on a computer and deletes it without printing suffers *some* loss: the value of the time necessary to realize that the inbox has been cluttered by junk.") (emphasis in original); *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015) (holding that a plaintiff had Article III standing based on its legal right as a recipient of an unsolicited fax advertisement under the TCPA to recover damages and obtain injunctive relief from the senders of such faxes when plaintiff presented proof of transmission of the fax); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 544 (6th Cir. 2014) ("unsolicited fax advertisements impose costs on all recipients, irrespective of ownership and the cost of paper and ink, because such advertisements waste the recipients' time and impede the free flow of commerce."); *Owners Ins. Co. v. European Auto Works, Inc.,* 695 F.3d 814, 820 (8th Cir. 2012) (explaining that the TCPA was intended in part to "keep[ ] telephone lines from being tied up" by unsolicited fax advertisements).

Here, Plaintiff specifically described how Defendants' fax damaged it: as a recipient it "[lost] the use of its fax machine, paper, and ink toner . . . waste[d] valuable time it would have spent on something else" and was precluded from sending or receiving authorized faxes during the time Defendant's fax occupied its telephone line and fax machine. Class Action Complaint, ¶¶ 3, 35, 36, attached as <u>Exhibit A</u>. In addition, Plaintiff demonstrates how the fax caused undue wear and tear on Plaintiff's fax machine and interrupted Plaintiff's privacy interests. *Id.* For the

stated damages that Defendants caused, Plaintiff requested, *inter alia*, that the Court "award actual monetary loss from such violations or the sum of $500,00 in damages for each violation whichever is greater" and that the Court enjoin Defendants from further violations. *Id.* at ¶¶ 36, 44, 50. As such, Plaintiff's requested relief is not limited to statutory damages.[1]

Because Plaintiff has alleged that it suffered actual damages from Defendants' fax, and has provided proof that Defendants' fax was the cause of the damages, even the unlikely ruling in *Spokeo* that mere violation of a statutory right, without actual damages, does not confer Article III standing will not affect Plaintiff's standing in this case. Thus, Defendants' request to stay proceedings until *Spokeo* is decided should be denied.

### B. Defendants' cited cases are distinguishable.

In support of its Motion, Defendants contend that "other federal courts have granted stays pending the Supreme Court's decision in *Spokeo* in cases similar to this one." Doc. 46, p. 7. All of Defendants' cited cases, however, are distinguishable from the case at bar.

Defendants rely heavily upon the stays granted in *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015), *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015), and *Williams v. Elephant Ins. Co.*, No. 1:15-CV-00119-GBL, 2015 WL 3631691 (E.D. Va. May 27, 2015), but these cases concern a different section of the TCPA governing voice telephone calls, 47 U.S.C. § 227(b)(1)(A), in

---

[1] Significantly, in *Spokeo*, the plaintiff was suing under the FCRA, 15 U.S.C. § 1681n (a)(1)(a), which provides that a plaintiff can sue on the basis of statutory damages in the amount of "not less than $100 and not more than $1,000." The *Spokeo* plaintiff never alleged any actual damages. *Supra*. Here, Plaintiff is suing under the TCPA on the basis of concrete damages incurred. The fact that Plaintiff is seeking $500 per violation is irrelevant, because the TCPA provides for a plaintiff to recover "actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, *whichever is greater*." 47 U.S.C. § 227 (c)(5)(b) (emphasis added). As such, a plaintiff is not, in fact, suing on the basis of a statutory violation, but rather suing on actual concrete damages incurred (and subsequently given the option to receive a greater amount, should the damages incurred not reach the minimum set by the statute).

which the plaintiffs do not allege a concrete injury in the same vein as unsolicited fax advertisement violations. As a result, they are suing solely on the basis of a statutory violation of the TCPA prohibiting unsolicited telephone calls. In contrast, Plaintiff is suing on the basis of actual, concrete damages incurred due to Defendants' commandeering Plaintiff's fax machine in order to send unsolicited fax advertisements. Indeed, Defendants' own cited case, *Boise v. ACE USA, Inc.*, recognized the inherent difference between TCPA voice telephone violations and TCPA unsolicited fax violations, and even went on affirm the Eleventh Circuit's ruling that a victim of an unsolicited fax advertisement suffers a "concrete injury." *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 at *3. Therefore, Defendants' cited cases are inapplicable and unpersuasive.

Defendants also rely on a number of non-TCPA cases that have been granted stays based on the outcome of *Spokeo*.[2] All of these cases, however, are irrelevant, as they deal with the FCRA, rather than the TCPA. As outlined above, Defendants' violations under the TCPA caused concrete damages – something that Plaintiff demonstrates in its complaint and distinguishes it from *Spokeo* and all other FCRA cases. *Supra*. Thus, these cases are inapplicable, and the Court should deny Defendants' Motion.

### C. Defendants fail to demonstrate Plaintiffs will not suffer prejudice.

In order to obtain a stay of proceedings, Defendants must show that a stay will not unduly prejudice or tactically disadvantage Plaintiff. *See Abbott Labs. v. Matrix Labs., Inc.*, No. 09-CV-1586, 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009). Here, Defendants declare that "there is

---

[2] *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711, 015 WL 4602968 (E.D. Cal. July 29, 2015), *Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015), *Hillson v. Kelly, Servs., Inc.*, No. 2:15-cv-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015).

no real harm to Plaintiff in staying the case[,]" without giving any reason other than the fact that the stay would be of "limited and definite duration." Doc. 46, p. 5.

Defendants, however, do not discuss the risk that relevant evidence will be destroyed during the stay. For example, one critical type of evidence in these cases are the electronic "transmission records" showing the date and time of each transmission and the receiving fax numbers. These records are often contained as attachments to emails or in the hands of third parties, such as "fax broadcasters." Defendants often argue a class cannot be certified if these records have been lost or destroyed pursuant to their document-retention policies. In this case, Defendants have not stated whether they possess the transmission records or whether they used a third-party broadcaster, nor provided any assurance they instructed any agents to preserve evidence or that they understand their own obligation to preserve evidence during the stay. Moreover, as Defendants note, this case has already experienced significant delays in the prosecution of Plaintiff's claim and its attempt to conduct necessary discovery. Any further delays could significantly harm Plaintiff's ability to obtain pertinent transmission records.[3] Thus, Defendants have failed to meet their burden to show Plaintiff will not be prejudiced by a stay through the loss of relevant evidence, and the Motion should be denied.[4]

---

[3] The threat of destroyed business records is a real concern to class actions, as some courts have refused to certify TCPA class actions when business records containing the names and addresses of recipients have been destroyed. See, e.g. *City Select Auto Sales, Inc. v. BMW Bank of N. Am. Inc.*, No. CV 13-4595 (NLH/JS), 2015 WL 5769951 (D.N.J. Sept. 29, 2015). While the Seventh Circuit has repudiated this approach (*Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015)), there is still a very real risk that, should Defendants' business records get destroyed, the claims process would be severely hindered and many putative class members will be left without compensation for their injuries.

[4] It is important to note that the Supreme Court may not even decide the "bare violation" issue in *Spokeo*. The Supreme Court accepted review on the same issue four years ago in *First Am. Fin. Corp. v. Edwards*, 131 S. Ct. 3022 (June 20, 2011) (granting certiorari on "Question 2 presented by the petition") (the briefs and certiorari-stage documents in *Edwards* are available at http://www.scotusblog.com/case-files/cases/first-american-financial-corp-v-edwards/.)

### III. CONCLUSION

WHEREFORE, the Court should deny Defendants' motion to stay proceedings.

Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,

By: s/ Phillip A. Bock
     One of his attorneys

Robert J. Sprague
SPRAGUE and URBAN
26 E. Washington Street
Belleville, IL 62220
Telephone: 618/233-8383

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500

---

Following the grant of certiorari in *Edwards*, numerous courts stayed statutory-damages class actions pending a decision. *See, e.g. Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 823 (5th Cir. 2014) (Electronic Funds Transfer Act); *McCarn v. HSBC USA, Inc.*, 2012 WL 7018363, at *1 (E.D. Cal. May 29, 2012) (RESPA). On June 28, 2012, a year after granting certiorari and seven months after oral argument, the Supreme Court dismissed the appeal "as improvidently granted" without explanation. 132 S. Ct. 2536, 2537 (2012). One commentator speculated the Justices could not "reach agreement on a workable constitutional test," so the question would remain undecided "at least until the current membership of the Court changes." Kevin Russell, First Am. Fin. V. Edwards: Surprising end to a potentially important case, SCOTUSblog (Jun. 28, 2012), at http://scotusblog.com/2012/06/first-american-financial-v-edwards-suprising-end-to-a-potentially-important-case/. The membership of the Supreme Court has not changed since *Edwards*, and the "bare violation" question was more cleanly presented in *Edwards* than in *Spokeo* because the RESPA violation did not affect the price the *Edwards* plaintiff paid for her services, since the price was set by state law. *Edwards v. First Am. Corp.*, 610 F.3d 514, 516 (9th Cir. 2010) ("Ohio law mandates that all title insurers charge the same price."). Given that the *Spokeo* plaintiff's injury – having false credit information published about him – is more "concrete" than the *Edwards* plaintiff's injury – having service providers split a fee she would have paid no matter what – there is at least an even chance the justices will once again dismiss as improvidently granted. Thus, Defendants have not satisfied their burden of establishing it is worth staying this case to find out. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.")

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that, on December 4, 2015, he caused the foregoing response to be filed using the Court's CM/ECF system, which automatically serves a copy upon all counsel of record.

s/ Phillip A. Bock