UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,<br><br>     Plaintiff,<br><br> v.<br><br>UNITEDHEALTHCARE, INC., UNITEDHEALTHCARE OF ILLINOIS, INC., UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE OF ARIZONA, INC., UHC OF CALIFORNIA D/B/A UNITEDHEALTHCARE OF CALIFORNIA, UNITEDHEATHCARE OF COLORADO, INC., UNITEDHEALTHCARE OF OREGON, INC., UNITEDHEALTHCARE OF UTAH, INC., and UNITEDHEATHCARE OF WASHINGTON, INC.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 3:14-cv-00548-DRH-DGW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, DR. ROBERT L. MEINDERS, D.C., LTD. ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, UNITEDHEALLTHCARE, INC. ("United"), UNITEDHEALTHCARE OF ILLINOIS, INC. ("United-Illinois"), UNITED HEALTHCARE SERVICES, INC. ("United-Services"), UNITEDHEALTHCARE OF ARIZONA, INC. ("United-Arizona"), UHC OF CALIFORNIA d/b/a

UNITEDHEALTHCARE OF CALIFORNIA ("United-California"),

UNITEDHEALTHCARE OF COLORADO, INC. ("United-Colorado"),

UNITEDHEALTHCARE OF OREGON, INC. ("United-Oregon"),

UNITEDHEALTHCARE OF UTAH, INC. ("United-Utah"),

UNITEDHEALTHCARE OF WASHINGTON, INC. ("United-Washington"),

(collectively "Defendants"):

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements that do not include a conforming opt-out notice.

2. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). Moreover, the TCPA mandates that if a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously included on the first page of the advertisement. *See* 47 U.S.C. § (b) (2) (D). The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause

undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. Plaintiff brings this case as a class action on behalf of itself and (1) a national class of all others similarly situated, asserting claims against Defendants under the TCPA, and the common law of conversion, and (2) a subclass of Illinois consumers for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is a resident of, and conducts business in, St. Clair County, Illinois.

7. Defendant United is a Delaware corporation headquartered in Minneapolis, Minnesota and conducting business in St. Clair County, Illinois.

8. Defendant United-Illinois is a Delaware corporation headquartered in Chicago, Illinois and conducting business in St. Clair County, Illinois.

9. Defendant United-Services is a Minnesota corporation headquartered in Minnesota.

10. Defendant United-Arizona is an Arizona corporation with its principal place of business in Phoenix, Arizona.

11. Defendant, United-California, is a California corporation.

12. Defendant United-Colorado is a Colorado corporation with its principal place of business in Centennial, Colorado.

13. Defendant United-Oregon is an Oregon corporation with its principal place of business in Law Oswego, Oregon.

14. Defendant United-Utah is a Utah corporation with its principal place of business in Salt Lake City, Utah.

15. Defendant United-Washington is a Washington corporation with its principal place of business in Seattle, Washington.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

17. Venue is proper in the Southern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendants committed a statutory tort within this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

18. At some time in 2013, Defendants sent, or caused to be sent, an unsolicited fax advertisement that advertised Defendants' goods, products, or services. A copy of the subject fax advertisement is attached as Exhibit A.

19. Plaintiff did not invite or give permission, to anyone, to send Exhibit A to him.

20. Exhibit A does not contain a proper opt-out notice pursuant to the TCPA.

21. On information and belief, Defendants sent the same facsimile to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This is based, in part, on the fact that the subject fax was not addressed to anyone in particular, that Plaintiff never gave permission to anyone to send the subject fax advertisement to him, and that sending advertisements by fax is an inexpensive way to reach many persons.

22. There is no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

23. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

24. Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material

advertising the commercial availability of any property, goods, or services by or on behalf of UnitedHealthcare, United Healthcare Services, UnitedHealthcare of Illinois, UnitedHealthcare of Arizona, UnitedHealthcare of California, UnitedHeathcare of Colorado, UnitedHealthcare of Oregon, UnitedHealthcare of Utah, and UnitedHeathcare of Washington, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such advertising faxes.

25. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

26. **Numerosity/Impracticality of Joinder**: On information and belief, the Class includes more than 40 persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

27. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a. Whether Defendants sent unsolicited fax advertisements;

    b. Whether Exhibit A advertised the commercial availability of property, goods or services;

6

    c.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent <u>Exhibit A</u> and other unsolicited fax advertisements;

    d.      Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

    e.      Whether Defendants' faxes omitted an opt-out notice;

    f.      Whether Defendants violated the TCPA by omitting an opt-out notice from the first page of advertisements sent by fax;

    g.      Whether Plaintiff and the other Class members are entitled to statutory damages;

    h.      Whether Defendants should be enjoined from faxing advertisements in the future;

    i.      Whether the Court should treble the statutory damages;

    j.      Whether Defendants' conduct as alleged herein constituted conversion;

    k.      Whether Defendants' conduct was unfair under ICFA; and

    l.      Whether Defendants' conduct as alleged herein constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

28.    **Typicality of claims**: Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received

7

unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

29. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because its interests do not conflict with the interest of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

30. **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

31. **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible

and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

32.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

33.     Plaintiff brings Count I on behalf of himself and a class of similarly situated persons.

34.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

35.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

36.     The TCPA provides:

9

       3.    <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

       (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

       (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

       (C)    Both such actions.

37.    The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

38.    Defendants violated the 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as <u>Exhibit A</u>) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission and by not displaying a proper opt-out notice as required by the TCPA.

39.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

40.    Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendants, that <u>Exhibit A</u> is an advertisement, and that <u>Exhibit A</u> and the other advertisements Defendants sent did not display the proper opt-out notice as required by the TCPA.

41. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of <u>Exhibit A</u> occurred outside Defendants' premises.

42. Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 – $1,500.00 in damages for each violation of the TCPA;

C.   That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.   That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

43.   Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

44.   Plaintiff brings Count II on behalf of himself and a class of similarly situated persons.

45.   By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendants also converted Plaintiff's employees' time to their own use.

46.   Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

47.   By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

48.   Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

49. Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

50. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper.

<u>COUNT III</u>
<u>ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
<u>815 ILCS 505/2</u>

51. Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

13

52. Plaintiff brings Count III on behalf of himself and a class of similarly-situated Illinois residents; a subclass of the class members alleging Counts I and II.

53. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

54. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

55. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

56. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorneys' fees and costs; and

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

Dated: April 25, 2016                    Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,

By:   /s/ Phillip A. Bock
      One of his attorneys

Robert J. Sprague                        Phillip A. Bock
SPRAGUE and URBAN                        James M. Smith
26 E. Washington Street                  BOCK, HATCH, LEWIS &
Belleville, IL 62220                     OPPENHEIM, LLC
Telephone: 618/233-8383                  134 North La Salle Street, Suite 1000
                                         Chicago, IL  60602
                                         Telephone:  312/658-5500

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on April 25, 2016, s/he filed the foregoing *Amended Class Action Complaint* using the Court's CM/ECF system, which automatically serves a copy upon all counsel of record:

Adam K. Levin
Zachary Best
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
Email: adam.levin@hoganlovells.com
       zachary.best@hoganlovells.com

Mitchell E. Zamoff
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, Minnesota 55402
Telephone: (612) 402-3000
Facsimile: (612) 402-3001
Email: mitch.zamoff@hoganlovells.com

Jason P. Stiehl
AKERMAN LLP
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jason.stiehl@akerman.com


                                                    /s/ Phillip A. Bock